UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA ROBINSON,

        Plaintiff,

        v.

WELLS FARGO BANK NATIONAL ASSOCIATION, *et al.*,

        Defendants.

Case No. C17-1898RSL

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on defendants' motion to dismiss.[1] Dkts. ## 12, 13. Plaintiff Barbara Robinson failed to respond to the motion. The Court has reviewed the motion and the remainder of the record. For the following reasons, the motion is GRANTED.

## I.     BACKGROUND

This case stems from the 2017 foreclosure sale of plaintiff's Renton, WA home. In December 2016, plaintiff filed a similar lawsuit in King County Superior Court titled "Complaint to Quiet Title," challenging the foreclosure. See Dkt. # 12 at 3. That case was removed and ultimately dismissed with prejudice by the Honorable James L. Robart.[2] See

---

[1] The defendants that filed this motion to dismiss are Wells Fargo Bank National Association, Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc. Dkt. # 12. Defendant Aztec Foreclosure Corporation of Washington joins in the motion. Dkt. # 13.

[2] Despite some overlapping claims and issues, the parties did not file a Notice of Related Case alerting the Court to the previously dismissed case before Judge Robart. See LCR 3(g). Plaintiff's complaint in this case is different in several respects and the case before Judge Robart was dismissed at

ORDER GRANTING MOTION TO DISMISS - 1

Robinson v. Wells Fargo Bank Nat'l Ass'n, C17-61JLR (W.D. Wash. Jan. 13, 2017). Plaintiff did not appeal.

In December 2017, plaintiff filed this complaint, which dropped some of the claims and parties in that action and added some new material. Dkt. # 1. Many of the complaint's allegations are difficult to discern, but she appears to invoke a range of legal wrongs, including unlawful ejection, negligence, unlawful seizure of property, breach of contract, and various alleged crimes. See id. She seeks an order directing defendants to release all claims against her (whatever those claims may be), along with damages in the amount of $2.85 million.

Defendants filed a motion to dismiss, Dkt. # 13, arguing that plaintiff fails to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6). Defendants argue that principles of collateral estoppel preclude plaintiff's claims covered by Judge Robart's decision and that plaintiff otherwise fails to plausibly allege facts that state any viable claims. Defendants alternatively seek an order directing plaintiff to amend her complaint and provide a more definite statement of her claims. As noted, plaintiff failed to respond to the motion.

## II.     DISCUSSION

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). This standard requires that a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (marks, alteration, and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (marks and citation omitted). In considering a motion to dismiss, the Court need not accept legal conclusions and all legal conclusions must be supported by plausibly alleged facts. Id.

---

an early stage. The Court concludes this matter can be decided by the Court without unduly burdensome duplication of work or the risk of conflicting results See id.

ORDER GRANTING MOTION TO DISMISS - 2

If an issue has already been decided on the merits in separate litigation, it may be barred from relitigation by the doctrine of collateral estoppel. In order to successfully invoke principles of collateral estoppel, a party must show "(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." <u>Neff v. Allstate Ins. Co.</u>, 70 Wn.App. 796, 800 (1993).

Here, plaintiff's claims are not clear, but they appear to fall into two categories. The first category includes alleged wrongdoing associated with the foreclosure sale of plaintiff's home. Defendants argue that these issues are precluded by principles of collateral estoppel given that Judge Robart dismissed plaintiff's foreclosure-related claims with prejudice in the parties' previous case. The Court is reluctant to dismiss these claims on collateral-estoppel grounds, but only because the opacity of the claims recited in plaintiff's complaints makes it difficult to match up those claims' merits. <u>See</u> <u>Neff</u>, 70 Wn.App at 800. Indeed, this matter's complaint is even shorter on clarity than the complaint in her previous case. Like that case's dismissal order, however, the Court concludes that nothing in Ms. Robinson's current complaint sufficiently alleges a defect in her home's foreclosure sale. In addition, plaintiff fails to connect any alleged defect to the relief she seeks.

The claims in the second category loosely allege a litany of crimes and other wrongdoing such as criminal fraud and racketeering. Plaintiff fails to sufficiently allege any facts seasonably supporting this purportedly wrongful conduct. The Court accordingly concludes these claims fail to adequately allege facts that would enable the Court to plausibly infer plaintiff is entitled to some kind of legal relief. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. The Court concludes that plaintiff's complaint fails to state a claim upon which relief can be granted.[3] Fed. R. Civ. P. 12(b)(6).

---

[3] In her complaint's caption, plaintiff mentions one hundred Doe defendants, but nowhere are these parties mentioned in the rest of the complaint. Insofar as the complaint alleges claims against Doe defendants, it fails to adequately identify them or otherwise add them to this action.

ORDER GRANTING MOTION TO DISMISS - 3

1        For the foregoing reasons, defendants' motion, Dkt. # 12, is GRANTED. The Clerk of Court is hereby ORDERED to dismiss the case without prejudice.

DATED this 5th day of September, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 4